IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNETTA ASKEW HUNT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-679-N-BN |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY and KENNETH | § | |
| BARRITEAU, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Johnetta Askew Hunt filed this lawsuit in a Dallas County, Texas state court against Defendants Meridian Security Insurance Company ("Meridian") and Kenneth Barriteau (Meridian's adjuster), and Meridian removed under the Court's diversity subject-matter jurisdiction, arguing that Hunt improperly joined Barriteau (a non-diverse defendant). *See* Dkt. No. 1.

Senior United States District Judge David C. Godbey referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the Court entered an order requiring the parties to brief the Court's subject-matter jurisdiction based on the improper-joinder argument. *See* Dkt. No. 4.

Hunt responded and therein moved to amend and/or join as a defendant Goosehead Financial LLC (also a non-diverse defendant). *See* Dkt. No. 11. And Meridian replied. *See* Dkt. No. 12.

For the following reasons, the undersigned recommends that the Court find that there was subject-matter jurisdiction at the time of removal and deny Hunt's post-removal request to amend to join a non-diverse defendant.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

So they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, so, "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Because Meridian chose to remove this lawsuit to federal court, it undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to

establish subject-matter jurisdiction." (cleaned up)).

Applicable here, jurisdiction under Section 1332 requires that each plaintiff's citizenship be diverse from each defendant's citizenship and that the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

And "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity," *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005), under which "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant," *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).

Putting aside the non-diverse defendants for a moment, Meridian satisfactorily alleges Section 1332 jurisdiction where it plausibly alleges that Hunt is domiciled in Texas and that it's a corporate citizen of Indiana and Massachusetts, *see* Dkt. No. 1, ¶¶ 27-32, and where Meridian shows by a preponderance of the evidence that the amount in controversy exceeds $75,000, *see id.*, ¶¶ 33-40.

And, so, the undersigned turns to Hunt's joining Barriteau and request to join Goosehead.

A defendant alleging that a nondiverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that

both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Under this second prong of the improper-joinder test, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (cleaned up).

The Court conducts the "improper joinder analysis on the basis of claims in the state court complaint as it exists at the time of removal" and "will not entertain new theories not raised in state court." *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (cleaned up).

And the United States Court of Appeals for the Fifth Circuit has clarified that the federal pleading standard, not a state pleading standard, applies when determining whether a nondiverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016). The Federal Rule of Civil Procedure "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

Under that standard, "[a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200, 208 (cleaned up). And "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)

In making the improper-joinder determination, the Court will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "any ambiguities of state law in the plaintiff's favor," and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (cleaned up); *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (cleaned up).

But the Fifth Circuit has further instructed that, when examining the viability of the claims alleged in state court, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants

were added to defeat jurisdiction." *Id.* at 575.

And, so, "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient," and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.*; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit" and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper" and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

But this "common defense" or "equally dispositive" exception to the improper joinder rule "is implicated only when the common defense asserted would be equally dispositive as to *all* of the defendants." *McDonal*, 408 F.3d at 184 (emphasis in original). That is, "[i]f, but only if, the showing which forecloses [a plaintiff's] claims against the non-diverse defendants necessarily and equally compels foreclosure of all their claims against all the diverse defendants, then [this 'common defense' exception] applies and there was no improper joinder, meaning that the entire case should be remanded for want of subject matter jurisdiction." *Boone v. Citigroup, Inc.*,

416 F.3d 382, 391 (5th Cir. 2005) (cleaned up).

But, if the Court "concludes that the common defense proffered would not dispose of every claim against every defendant," and the Court otherwise finds improper joinder of the non-diverse defendant, the Court "should continue to deny remand and proceed with the proper disposition of the case." *McDonal*, 408 F.3d at 184 (cleaned up).

Ordinarily, the court must conduct a Rule 12(b)(6)-type analysis by examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). But, if the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

At the same time, the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its

burden." *Id.* at 574.

Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

Meridian has carried its burden under these standards to show that Barriteau is improperly joined where Merdian explains that it "elected to accept whatever liability Barriteau may have for both her insurance claims" and, "[a]s a result, the Texas Insurance Code bars any claim Plaintiff has against Barriteau arising out of her claims," and, so, "Plaintiff has no possibility of recovery against Barriteau." Dkt. No. 12 at 4-6 (citing TEX. INS. CODE § 542A.006(b)); *see Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473-75 (5th Cir. 2022) (per curiam); *Young v. Meridian Sec. Ins. Co.*, No. 4:22-cv-00982, 2023 WL 4305124, at *4 (E.D. Tex. June 30, 2023) (In *Acadia*, "the insured sued an insurance company and its adjuster for several causes of action relating to the denial of an insurance claim. The adjuster, however, was a non-diverse defendant. After the insured filed suit in state court, the insurance company accepted liability on its adjuster's behalf under § 542A.006, and then removed the action to federal court. The Fifth Circuit concluded that the district court had subject-matter jurisdiction over the insured's claim against the insurance company, reasoning that § 542A.006 precluded the insured's recovery against the adjuster, so the adjuster was improperly joined as a party." (cleaned up)).

And the Court should deny Hunt's post-removal motion to join a non-diverse defendant (Goosehead).

In addition to other applicable authority, this request is governed by 28 U.S.C.

§ 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

And, so, under Section 1447(e), if the plaintiff, after removal to federal court, seeks to join a defendant who is a citizen of the same state as the plaintiff (that is, a "non-diverse defendant"), "[t]he court should 'use its discretion in deciding whether to allow that party to be added'" and "should scrutinize an amended pleading naming a new non-diverse defendant in a removed case 'more closely than an ordinary amendment.'" *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (quoting *Hensgens*, 833 F.2d at 1182).

The Fifth Circuit explained that Federal Rule of Civil Procedure 15(a) (as it was worded at that time) "provides that leave to amend 'should be freely given when justice so requires,' and [Federal Rule of Civil Procedure] 20 permits joinder of proper parties" and that, "when faced with an amended pleading naming a new nondiverse defendant in a removed case," "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182.

And, so, while applying "a 'higher level of scrutiny' … to an amended pleading naming a new nondiverse defendant in a removed case," *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 315 (5th Cir. 2022) (quoting *Allen v. Walmart Stores, L.L.C.*, 907

- 9 -

F.3d 170, 185 (5th Cir. 2018)), "[i]n deciding whether to allow leave to amend, a court should consider several factors, including '[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities.'" *Moore*, 732 F.3d at 456 (quoting *Hensgens*, 833 F.2d at 1182).

The Fifth Circuit instructed that "[t]he district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted." *Hensgens*, 833 F.2d at 1182.

Under this authority, Hunt has not carried her burden to show that Goosehead should be added to this case (and the case remanded) at least because Hunt is already litigating in state court (in Denton County, Texas) the claims against Goosehead that she would like to add to this case. *Compare* Dkt. No. 11 at 13-15, *with* Dkt. No. 13.

And, so – not only does the timing of Hunt's amendment reflect an attempt to defeat federal jurisdiction, nor has Hunt shown that she will be significantly injured if this amendment is not allowed – this request implicates the rule against claim splitting, which

> "prohibits a party or parties in privity from simultaneously prosecuting multiple suits involving the same subject matter against the same defendants." *General Land Off. v. Biden*, 71 F.4th 264, 269-70 (5th Cir. 2023). The rule is based on principles of *res judicata* and "protect[s] the defendant from being harassed by repetitive actions based on the same claim." *Id.* at 270 (quoting *In re Super Van, Inc.*, 92 F.3d 366, 371 (5th Cir. 1996)). Because the prohibition against claim splitting rests on *res judicata* principles, [courts in this circuit] rely on *res judicata*'s four-part test: (1) the parties in the current action are the same or "in privity with the parties in the prior action"; (2) "the court that rendered the prior

judgment" was a "court of competent jurisdiction"; (3) the prior action "terminated with a final judgment on the merits"; and (4) the "same claim or cause of action" is "involved in both suits." *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994).

> This test is modified when the prior suit is pending because, by definition, no final judgment from the prior suit exists. *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985); 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4406 (3d ed.). Accordingly, in the context of claim splitting when an earlier suit is pending, the relevant *res judicata* factors are (1) whether the parties are the same or in privity and (4) whether "the same claim or cause of action" is "involved in both suits." *Gulf Island-IV*, 24 F.3d at 746; *Oliney*, 771 F.2d at 859.

*Armadillo Hotel Grp, L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023) (citation modified).

## Recommendation

Because the party invoking federal subject-matter jurisdiction based on diversity – the removing defendant, Defendant Meridian Security Insurance Company – has carried its burden to establish that Plaintiff Johnetta Askew Hunt improperly joined the nondiverse party, Kenneth Barriteau (and has otherwise shown subject-matter jurisdiction under 28 U.S.C. § 1332), the Court should conclude that it possessed subject-matter jurisdiction at the time of removal and deny Hunt's post-removal request to join a non-diverse defendant, Goosehead Financial LLC.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE