IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNETTA ASKEW HUNT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-679-N-BN |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY and KENNETH | § | |
| BARRITEAU, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Johnetta Askew Hunt filed this lawsuit in a Dallas County, Texas state court against Defendants Meridian Security Insurance Company ("Meridian") and Kenneth Barriteau (Meridian's adjuster), and Meridian removed under the Court's diversity subject-matter jurisdiction, arguing that Hunt improperly joined Barriteau (a non-diverse defendant). *See* Dkt. No. 1.

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case as to the Court's subject-matter jurisdiction based on the notice of removal.

Because objections were filed, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining portions for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 16].

And, so, the Court CONCLUDES that it possessed subject-matter jurisdiction

under 28 U.S.C. § 1332 at the time of removal because Hunt improperly joined a nondiverse party, Barriteau, and DENIES Hunt's post-removal request to join a non-diverse defendant, Goosehead Financial LLC.

And, to the extent that Hunt has moved to remand for lack of subject-matter jurisdiction, *see* Dkt. No. 17, the Court DENIES that motion for the reasons explained in the findings, conclusions, and recommendation.

SO ORDERED this 18th day of May, 2026.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE